IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 06-41324
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAFAEL ALEXANDER RODA-LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-6-ALL

Before JOLLY, BENAVIDES, and STEWART, Circuit Judes.

PER CURIAM:[*]

Rafael Alexander Roda-Lopez appeals his 47-month sentence following his guilty plea conviction of being found unlawfully present in the United States following deportation, in violation of 8 U.S.C. § 1326.

This court accords a presumption of reasonableness to sentences within the properly calculated guideline range. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Roda-Lopez argues that his sentence is unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a matter of law because this presumption of reasonableness effectively reinstates the mandatory guideline scheme condemned by United States v. Booker, 543 U.S. 220 (2005).  The Supreme Court recently upheld the use of the presumption.  United States v. Rita, 127 S. Ct. 2456, 2465 (2007).

Roda-Lopez challenges only the presumption of reasonableness, which is "an appellate court presumption."  Id.  He does not argue that the district court's sentence was unreasonable or otherwise erroneous and, thus, has waived any challenge to his sentence.  See United States v. Thames, 214 F.3d 608, 612 n.3 (5th Cir. 2000); United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).  Because Roda-Lopez has not challenged his sentence, this court has no occasion to review his sentence under the "presumptively reasonable" or any other standard.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Roda-Lopez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has held that this issue is "fully foreclosed from further debate."  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.